MIGUEL VARGAS, Plaintiff and Appellant, *v.* ESPERANZA CRUZ-VÉLEZ, Defendant and Appellee.

No. 3373. Argued February 10, 1925.—Decided March 10, 1925.

1. CONTRACT—INHERITANCE—NATURAL CHILD — CONSIDERATION. — A contract between an heir and a supposed natural child for a division of what the heir may receive of the father's estate upon his death in consideration of a promise by the natural child not to bring an action of filiation is prohibited by section 1238 of the Civil Code and also void for lack of consideration.

2. ID.—RATIFICATION.—A contract that is void when made can not be ratified later.

District Court of Mayagüez, Angel Acosta, J. Judgment for the defendant in an action for performance of contract. *Affirmed.*

*Pascasio Fajardo Martínez* for the appellant. *José Sabater* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an action to enforce an agreement alleged by the plaintiff to have been entered into with the defendant, who became bound thereby to give to the plaintiff half of all that she might inherit upon the death of her natural father, Avelino Cruz y Toro. The plaintiff also alleges that the consideration for the contract consisted of certain personal services which he had rendered to the defendant and his promise not to bring an action of filiation against the defendant's father for acknowledgment as a natural child.

The agreement was made in a private document executed on December 31, 1915, and Avelino Cruz y Toro died on November 15, 1921, for which reason the plaintiff demanded that the defendant perform the contract, alleging that although she ratified it orally, she finally refused to perform it, and thereupon this action was brought.

The defendant demurred to the complaint on the ground that it did not set up a cause of action and the court sustained the demurrer (1) because there was no consideration for the contract and (2) because the agreement is expressly forbidden by section 1238 of the Civil Code.

The said section reads as follows:

"Sec. 1238.—All things, even future ones, which are not out of the commerce of man, may be objects of contracts.

"Nevertheless, no contract may be executed with regard to future inheritances, except those the object of which is to make a division *inter vivos* of the estate, according to section 1023.

"All services not contrary to law or to good morals may also be the object of a contract."

[1] The appellant makes no specific assignment of errors in his brief and in his general argument cites no jurispru-

dence or authority to support his bare statement that the agreement does not fall within the prohibition of section 1238, *supra,* because the plaintiff is not an heir. These circumstances would be sufficient to support a holding, without further consideration, that the conclusion of the lower court was correct. However, in the exercise of our discretion it is well to say that the law makes no distinction and includes all such agreements of whatever kind, save the exception made by the statute itself. In this case the agreement involved the waiver of half of a future inheritance (*non succedendo*), for it was conditioned to take effect upon the death of the father of the defendant. This condition was understood by the Romans as carrying with it impliedly the *votum captandae mortis* and was the reason that they then had for prohibiting such agreements. It is not our purpose to discuss the reason for the statute, inasmuch as life insurance is of modern creation and tradition has not been taken into account in giving effect to agreements authorized by other statutes; but we have before us a positive provision which is preserved in our code and should be applied in its entirety.

The appellant also has attempted to elude to a certain extent the prohibition of the law, insisting that the agreement has no other meaning than to determine the amount which the defendant agreed to pay as a consideration for the contract, which was fixed at one-half of the inheritance, and that the condition of the death of the ancestor was rather a manner of determining the day certain that must arrive for the taking effect of the agreement. There is no contract without the concurrence of the three requisites of consent, object and consideration (section 1228 of the Civil Code). These elements, although intimately related, can not be confused. The object can not be said to be the most essential element of a contract, but it seems to be the one most easily perceivable, for without consent or considera-

tion there may be an apparent contract, but in the absence of an object there is nothing, for the life of the contract depends upon the existence of an object.

In this case the object to which the consideration refers is the future inheritance, which depends for its existence upon the death of the father, and this is what the law prohibits.

[2] It is also alleged that after the death of the defendant's ancestor the agreement was ratified orally by her and that in considering the demurrer this allegation should have been taken as true. The appellant offers nothing in support of the theory of the ratification of such a contract, and nothing is said about it by the court below in its opinion, or by the appellee.

Therefore, the question apparently raised is whether contracts absolutely void under the prohibitions of section 1238 *et seq.* of the Civil Code, which prescribe what things can not be the object of contracts because of physical impossibility, illicitness or often public policy, are susceptible of ratification. We feel inclined to answer the question in the negative.

In the case of *Ledesma et al.* v. *Agrait et al.,* 19 P.R.R. 547, with reference to the prohibitions contained in section 1362 of the Civil Code this court discussed the effect produced by the ratification of contracts entered into contrary to the law. In that case, in construing section 4 of the Civil Code, it was said that the word "void" is used in that section in the sense of "void" or "voidable," and it is concluded from this that, as a general proposition, a contract may be susceptible of ratification or not, depending upon its essential nature.

In the present case the prohibition of the law refers to the object. A future inheritance can not be the object of a contract except as provided in section 1023. There was no object because of a legal impossibility and the contract

could not be ratified because of the absence of an essential requisite. Section 1277 of the Civil Code. A ratification would not destroy the reason of the Legislature for prohibiting agreements concerning inheritance; but, on the contrary, the purpose of the Legislature was that such agreements should have no effect.

For the foregoing reasons the judgment must be affirmed.